THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11-cv-00254

| | |
|---|---|
| SHIRLEY M. SAVAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 20] and the Defendant's Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 21].

In her Petition, the Plaintiff moves for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), as well as reimbursement of certain costs and expenses. [Doc. 20]. The Defendant's Consent Motion indicates that the parties subsequently entered into a Settlement Agreement regarding the fee award. [Doc. 21]. Pursuant to this Settlement Agreement, the parties agree that the Plaintiff should be awarded an attorney's fee in the amount of $6,100.00 in full

satisfaction of any and all claims by the Plaintiff in this case [See Settlement Agreement, Doc. 21-1]. The parties further agree that the Plaintiff should be reimbursed a total $16.50 in copying costs and expenses from the Treasury Judgment Fund. [Id.].

In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court further concludes that the Plaintiff is entitled to reimbursement from the Treasury Judgment Fund of the $16.50 of expenses incurred as a result of this action.

Pursuant to Astrue v. Ratliff, __U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the fee award will first be subject to offset of any debt that the Plaintiff may owe to the United States. The Defendant will determine within thirty (30) days of the entry of this Order whether the Plaintiff owes any such debt. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to the Plaintiff and mailed to the Plaintiff's counsel.

**IT IS, THEREFORE, ORDERED** that the Defendant's Consent Motion for Entry of Order Accepting the Parties' Settlement Agreement on Attorney's Fees [Doc. 21] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Six Thousand One Hundred Dollars ($6,100.00), which sum is in full satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that the Plaintiff's Petition for Attorney's Fees and Costs [Doc. 20] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order.

**IT IS FURTHER ORDERED** that $16.50 in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**

Signed: January 4, 2013

Martin Reidinger
United States District Judge